**ORIGINAL**

FILED

2007 NOV -1  PM 2: 17

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____KD_____DEPUTY

1  WEISS & JONES
   Philip E. Weiss, Esq.
2  1551 Shelter Island Drive
   San Diego, California 92106
3  Telephone: (619) 225-8884
   Facsimile: (619) 225-8801
4
   Attorneys for Plaintiff
5  Bartell Hotels, a California Limited Partnership,
   dba Half Moon Anchorage
6

7

8                  **UNITED STATES DISTRICT COURT**

9                  **SOUTHERN DISTRICT OF CALIFORNIA**

10                                              **'07 CV 2097 L     BLM**

11  BARTELL HOTELS, A California Limited        )  Case No.
    Partnership, dba HALF MOON ANCHORAGE,       )
12                                              )  IN ADMIRALTY
                      Plaintiff,                )
13                                              )  VERIFIED COMPLAINT FOR
    v.                                          )  VESSEL ARREST,
14                                              )  INTERLOCUTORY SALE AND
    M/Y CLAIRE IRENE, a 1968 Owens Motor        )  FOR MONEY DAMAGES FOR
15  Yacht of Approximately 40-Feet In Length And )  TRESPASS BY VESSEL, BREACH
    11-Feet In Beam, Bearing California D.M.V.  )  OF CONTRACT FOR
16  Registration No. CF 8646 ED, AND ALL OF     )  NECESSARIES, AND *QUANTUM*
    HER ENGINES, TACKLE, ACCESSORIES,           )  *MERUIT*
17  EQUIPMENT, FURNISHINGS AND                   )
    APPURTENANCES, *in rem*,                    )  F.R.C.P. Supplemental Admiralty
18                                              )  Rules C and E.
                      Defendant.                )
19  _____        )

20       Plaintiff alleges:

21                          **JURISDICTION**

22       1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

23  Federal Rules of Civil Procedure and jurisdiction is based on 28 U.S.C. section 1333(1).

24  Plaintiff brings this action on its own behalf and on behalf of all parties who were, are or may

25  become interested in all or part of the *res* which is the subject of this litigation, as their

26  interests may appear.

27  ///

28  ///

VERIFIED COMPLAINT FOR VESSEL ARREST, INTERLOCUTORY
SALE AND FOR MONEY DAMAGES FOR TRESPASS, BREACH OF,
CONTRACT FOR NECESSARIES AND QUANTUM MERUIT,

-1-

Case No._____

# PARTIES

2.      Plaintiff BARTELL HOTELS, a California Limited Partnership, dba HALF MOON ANCHORAGE ("PLAINTIFF"), is a California Limited Liability Partnership, duly organized and existing by virtue of law. It maintains a leasehold interest in that certain 180-slip marina known as "Half Moon Anchorage," located at 2303 Shelter Island Drive, San Diego, California (hereinafter the "Marina").

3.      The DEFENDANT VESSEL, is a 40-foot 1968 Owens motor yacht. She is of wood Accordingly, as a consequence of the foregoing, as of October 31, 2007 PLAINTIFF has been damaged in a sum of not less than $4,389.00, the total of the arrearages on the date of termination of the wharfage contract ($1,929.60), plus $2,460.00 ($60.00 per day in transient wharfage fees beginning September 21, 2007 to October 31, 2007 (41 days), calculated at the Marina's usual rate of $1.50 per foot per day), plus prejudgment interest, plus *custodia legis* expenses and all other costs of suit, no part of which has been paid. en construction and believed to be in poor and unseaworthy condition, having not been maintained literally for years. On one occasion the former marina owner's employees were forced to dewater the DEFENDANT VESSEL, to prevent her from sinking. She is now or formerly was registered with the California Department of Motor Vehicles under CF No. CF 8646 ED. She is now within the waters of the Southern District of California and within the jurisdiction of this Honorable Court. The DEFENDANT VESSEL is neither now, nor has she at any relevant time been, equipped with a permanent continuous hookup to a shoreside sewage system, and therefore as a statutory matter she is not and cannot be a "floating home" within the meaning of the California Floating Home Residency Law (Cal. Civil Code section 800.4). The wharfage contract pursuant to which the DEFENDANT VESSEL has occupied space at the Marina is hence an ordinary commercial contract which is freely terminable. Derfus v. Far West Villa Del Mar, Ltd., 471 F. Supp. 1082 (C.D.C.A. 1979) (so recognizing, rejecting argument boat owner is entitled to notice of good cause for termination and opportunity for impartial hearing, and holding "[t]he right to dock one's boat at a particular berth or marina cannot be equated with the right to decent low-cost housing even if one

VERIFIED COMPLAINT FOR VESSEL ARREST, INTERLOCUTORY
SALE AND FOR MONEY DAMAGES FOR TRESPASS, BREACH OF,
CONTRACT FOR NECESSARIES AND QUANTUM MERUIT,                    -2-

Case No._____

# FIRST COUNT

## (Trespass – Against Defendant Vessel)

4.    PLAINTIFF refers to Paragraphs 1 through 3 of this Verified Complaint and incorporates them as though fully set forth herein.

5.    PLAINTIFF purchased Half Moon Anchorage (hereinafter the "Marina") in January, 2007.  At that time the DEFENDANT VESSEL had already been there for years, apparently since at least 2001.  PLAINTIFF is informed and believes and thereon alleges that, since March, 2001, the account for the DEFENDANT VESSEL has been arrears on at least 15 occasions, and that on at least two occasions, most recently in June, 2007, checks her owner tendered were returned for want of sufficient funds.

6.    PLAINTIFF is informed and believes and thereon alleges that the owner of the DEFENDANT VESSEL and the previous owner of the Marina entered into a written contract (hereinafter the "Wharfage Contract"), pursuant to which the Marina owner was required to provide wharfage services, and the DEFENDANT VESSEL's owner was required to timely tender monthly payments for such services.

7.    PLAINTIFF is however informed and believes that the Wharfage Contract, as is manifestly typical in Southern California, provided for its free termination upon the provision by either party of 30 days' or more advance notice of such termination.

8.    PLAINTIFF is informed and believes that the owner of the DEFENDANT VESSEL, Mr. Kurt Hach, has alleged that the DEFENDANT VESSEL sustained damage as a result of misconduct engaged in by a Marina Manager that worked for the *former* owner of the Marina, before she was terminated.  Notwithstanding the claimed damage occurred several years ago, *long before PLAINTIFF owned the Marina*, Mr. Hach recently inexplicably demanded "50,000 to $70,000" from PLAINTIFF in compensation for such claimed damage.  PLAINTIFF is informed and believes and thereon alleges the claimed damage occurred several years ago, that any potential statute of limitation regarding such claims has expired, and such claims would also be barred by the equitable doctrine of laches.

///

VERIFIED COMPLAINT FOR VESSEL ARREST, INTERLOCUTORY
SALE AND FOR MONEY DAMAGES FOR TRESPASS, BREACH OF,
CONTRACT FOR NECESSARIES AND QUANTUM MERUIT,                        -3-

Case No._____

1       9.    After it purchased Half Moon Anchorage, in order to control risk and liability

2  and for other business reasons, PLAINTIFF carefully reviewed the existing circumstances

3  and procedures at the Marina and decided to make certain improvements and changes. This

4  included examining the vessels at the Marina in order to generally evaluate their condition,

5  verifying that all vessels located at the Marina were insured, and preparing a new wharfage

6  contract for review and execution vessel owners.

7       10.   It appeared, upon PLAINTIFF's examination, that the 40 year old

8  DEFENDANT VESSEL was (as she still is) in poor condition, exhibiting evidence of dry rot,

9  years of growth on her bottom, blistering and peeling paint, with debris scattered aboard.

10      11.   PLAINTIFF requested that all vessel owners for whom PLAINTIFF did not

11  have current evidence of vessel insurance, to provide such evidence. PLAINTIFF also

12  requested that vessel owners review and execute a new wharfage contract. Although a few

13  boat owners failed to provide the requested proof of insurance or declined to execute the new

14  wharfage contract and moved their vessels to other locations, the vast majority of boat

15  owners complied with these requests, did not exercise their right to terminate their wharfage

16  contracts, and they remain today at the Marina as tenants in good standing. PLAINTIFF also

17  dispatched a letter to all vessel owners, including Mr. Hach, notifying them they were free to

18  pick up a new Marina gate access card at the Marina Office. Although he claims to have

19  attempted to do so, once at 7:00 a.m. and again at 7:00 p.m., he has not during working hours

20  requested a new access card, as requested, at the Marina Office.

21     .  12.   The owner of the DEFENDANT VESSEL (Mr. Hach), however, failed and

22  refused both to provide evidence of insurance and to execute and return the new wharfage

23  contract. Instead, he has refused to provide evidence of insurance and to execute a new

24  wharfage contract, apparently based on the notion that PLAINTIFF is somehow responsible

25  for physical damage to his vessel, notwithstanding that such damages (if any) occurred

26  literally *years before PLAINTIFF owned the Marina.*

27      13.   As a consequence of the poor condition of the DEFENDANT VESSEL, her

28  continuing lack of any maintenance whatever and her owner's refusal to both provide proof

VERIFIED COMPLAINT FOR VESSEL ARREST, INTERLOCUTORY                    -4-
SALE AND FOR MONEY DAMAGES FOR TRESPASS, BREACH OF,
CONTRACT FOR NECESSARIES AND QUANTUM MERUIT,               Case No._____

1  of insurance and to execute a new wharfage contract, PLAINTIFF became compelled to

2  terminate the wharfage contract for the DEFENDANT VESSEL. Accordingly, on August 17,

3  2007 PLAINTIFF's counsel dispatched via Certified U.S. Mail a letter to Mr. Hach in which

4  he was advised of the termination of his wharfage contract, effective 34 days from the date of

5  the letter – on September 20, 2007.  A true and correct copy is attached as Exhibit A to the

6  Declaration of Philip E. Weiss in Support of Vessel Arrest, filed concurrently herewith.  This

7  letter also explained the legal fiction indulged in admiralty that a vessel is a (juridical)

8  person, and hence if the DEFENDANT VESSEL was not removed by the specified date she

9  would become a trespasser and could be held accountable by way of a vessel arrest and

10 subsequent interlocutory vessel sale.  This letter also reminded Mr. Hach that any allegations

11 he advanced concerning claimed damage to his vessel and financial and other misconduct by

12 a marina manager employed by a <u>former </u>owner are not properly addressed by PLAINTIFF,

13 the current owner of the Marina.

14         14.    On the date specified for termination of the wharfage contract (August 20,

15 2007) PLAINTIFF's counsel contacted Mr. Hach, the owner of the DEFENDANT VESSEL,

16 to inquire as to why she had not been removed from the Marina and in order to ascertain his

17 intentions vis-a-vis removing her from the Marina.  Mr. Hach did not agree to remove the

18 DEFENDANT VESSEL.  To the contrary, he insisted that if PLAINTIFF did not pay him

19 $50,000 to $70,000, he would sue PLAINTIFF for $1.2 million.  He also indicated that he

20 believed that he would be unable to obtain another slip for his vessel, even if improved,

21 "because Homeland Security will not permit him to move."

22         15.    Since September 21, 2007 the DEFENDANT VESSEL has occupied a slip at

23 PLAINTIFF's private marina without permission, authority or legal justification.

24         16.    The DEFENDANT VESSEL, by and through her apparent and ostensible

25 owner has intruded onto and continue to intrude onto PLAINTIFF's premises, thereby

26 invading and interfering with PLAINTIFF's interest in the use, profits and enjoyment of its

27 waterfront business.

28 ///

VERIFIED COMPLAINT FOR VESSEL ARREST, INTERLOCUTORY                                    -5-
SALE AND FOR MONEY DAMAGES FOR TRESPASS, BREACH OF,
CONTRACT FOR NECESSARIES AND QUANTUM MERUIT,                        Case No._____

17.     The DEFENDANT VESSEL has not vacated PLAINTIFF's Marina, despite repeated demands, and she continues to occupy a slip at PLAINTIFF's Marina, without permission or authority of the PLAINTIFF, and in derogation of PLAINTIFF's interests in its real property.

18.     Accordingly, as a consequence of the foregoing, as of October 31, 2007 PLAINTIFF has been damaged in a sum of not less than $4,389.00, the total of the arrearages on the date of termination of the wharfage contract ($1,929.60), plus $2,460.00 ($60.00 per day in transient wharfage fees beginning September 21, 2007 to October 31, 2007 (41 days), calculated at the Marina's usual rate of $1.50 per foot per day), plus prejudgment interest, plus *custodia legis* expenses and all other costs of suit, no part of which has been paid.

**SECOND COUNT**

**(Breach of Maritime Contract for Necessaries – Against All Defendants)**

19.     PLAINTIFF refers to Paragraphs 1 through 3 and 5 through 18 inclusive of this Complaint, and incorporates them as though fully set forth herein.

20.     Whether pursuant to a written wharfage contract or an implied contract, the DEFENDANT VESSEL had an obligation, by and through her owner, to tender monthly wharfage payments, when due, for the provision of wharfage services. Such services constitute "necessaries" for purposes of the Commercial Instruments and Federal Maritime Lien Act (46 U.S.C. sections 31301, *et seq.*).

21.     PLAINTIFF competently provided these services for the benefit of the DEFENDANT VESSEL, and continues to do so, notwithstanding her current status as a trespasser.

22.     Whether written or implied, the wharfage contract between PLAINTIFF and the DEFENDANT VESSEL (and her owner) is freely terminable by either party upon providing the other with at least 30 days (the frequency of payment) advance notice.

23.     PLAINTIFF's counsel provided 34 days' advance notice of the termination of the wharfage contract in his letter to the owner of the DEFENDANT VESSEL, which is dated August 17, 2007.

VERIFIED COMPLAINT FOR VESSEL ARREST, INTERLOCUTORY
SALE AND FOR MONEY DAMAGES FOR TRESPASS, BREACH OF,
CONTRACT FOR NECESSARIES AND QUANTUM MERUIT,                    -6-

Case No._____

1   24.   The DEFENDANT VESSEL, by and through her owner, failed and refused,

2   and continues to fail and refuse, to vacate the Marina following termination of her wharfage

3   contract, and she thereby is in active breach of said contract.

4   25.   Accordingly, as a consequence of the foregoing, as of October 31, 2007

5   PLAINTIFF has been damaged in a sum of not less than $4,389.00, the total of the arrearages

6   on the date of termination of the wharfage contract ($1,929.60), plus $2,460.00 ($60.00 per

7   day in transient wharfage fees beginning September 21, 2007 to October 31, 2007 (41 days),

8   calculated at the Marina's usual rate of $1.50 per foot per day), plus prejudgment interest,

9   plus *custodia legis* expenses and all other costs of suit, no part of which has been paid.

10                          **THIRD COUNT**

11                  (*Quantum Meruit* – **Against Defendant Vessel**)

12   26.   PLAINTIFF refers to Paragraphs 1 through 3 and 5 through 18, and 20 through

13   25 inclusive of this Complaint, and incorporates them as though fully set forth herein.

14   27.   PLAINTIFF provided valuable wharfage and other useful maritime necessaries

15   to the DEFENDANT VESSEL, for her benefit.

16   28.   Wharfage and other maritime necessaries were accepted by the DEFENDANT

17   VESSEL and her owner, and enjoyed by them.

18   29.   PLAINTIFF had and has a rightful expectation of payment for these maritime

19   services, but not been paid for them. .

20   30.   Under the circumstances presented, not requiring payment for these services

21   would result in the unjust enrichment by the DEFENDANT VESSEL and her owner.

22          WHEREFORE, PLAINTIFF prays for process in due form of law and in

23   accordance with the practices of this Honorable Court in cases of admiralty and maritime

24   jurisdiction to be issued herein; that the DEFENDANT VESSEL be required to answer all

25   and singular, the matters alleged above; that judgment be entered against the DEFENDANT

26   VESSEL, *in rem*, for PLAINTIFF's damages in a sum according to proof, plus prejudgment

27   interest, plus costs of suit (including attorneys' fees); that all persons interested in the

28   DEFENDANT VESSEL, her engines, tackle, apparel, furniture and appurtenances, be cited

VERIFIED COMPLAINT FOR VESSEL ARREST, INTERLOCUTORY                                          -7-
SALE AND FOR MONEY DAMAGES FOR TRESPASS, BREACH OF,
CONTRACT FOR NECESSARIES AND QUANTUM MERUIT,                              Case No._____

1  to answer this Verified Complaint; that DEFENDANT VESSEL be seized pursuant to the

2  Warrant of Arrest and condemned and sold to pay any judgment in favor of PLAINTIFF; and

3  that it be awarded such other and further relief as this Honorable Court may deem just and

4  proper.

5  October 31, 2007                           Respectfully submitted,

6                                             WEISS & JONES

7

8                                             By _____

9                                                Philip E. Weiss, Esq.
                                                 Attorneys for Plaintiff

10                                               Bartell Hotels, a California Limited
                                                 Partnership, dba Half Moon Anchorage

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VERIFICATION**

1

2      I, RICHARD BARTELL, declare under penalty of perjury under the laws of

3   the United States and the State of California as follows:

4      1.   I, the undersigned, am a General Partner of the Plaintiff in this action.

5      2.   I certify I have read the foregoing Verified Complaint and know its contents.

6      3.   The matters stated in the Verified Complaint are true of my own knowledge and

7   belief except as to those matters stated on information and belief, and as to those matters, I

8   believe them to be true.

9      Executed this 3/ day of October, 2007 at San Diego, California.

10

11

12                              Richard Bartell

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VERIFIED COMPLAINT FOR VESSEL ARREST, INTERLOCUTORY
SALE AND FOR MONEY DAMAGES FOR TRESPASS, BREACH OF,
CONTRACT FOR NECESSARIES AND QUANTUM MERUIT.              Case No.

-9-

1 | WEISS & JONES
Philip E. Weiss, Esq. (No. 152523)
2 | 1551 Shelter Island Drive
San Diego, California 92106
3 | Telephone: (619) 225-8884
Facsimile: (619) 225-8801
4 |

5 | Attorneys for Plaintiff
Bartell Hotels, a California Limited Partnership,
6 | dba Half Moon Anchorage
Attorney for Plaintiff
7 |

8 |                    **UNITED STATES DISTRICT COURT**

9 |                   **SOUTHERN DISTRICT OF CALIFORNIA**

10 |                       '07**CV** 2097 **L**      **BLM**

11 | BARTELL HOTELS, A California Limited          )    Case No.
Partnership, dba HALF MOON ANCHORAGE,          )
12 |                                               )    IN ADMIRALTY
                        Plaintiff,               )
13 |                                               )    DECLARATION OF SERVICE
   v.                                            )
14 |                                               )    F.R.C.P. Supplemental Admiralty
   M/Y CLAIRE IRENE, a 1968 Owens Motor          )    Rules C and E.
15 | Yacht of Approximately 40-Feet In Length And  )
   11-Feet In Beam, Bearing California D.M.V.     )    46 U.S.C. Sections 30101-31343
16 | Registration No. CF 8646 ED, AND ALL OF       )
   HER ENGINES, TACKLE, ACCESSORIES,             )
17 | EQUIPMENT, FURNISHINGS AND                    )
   APPURTENANCES, *in rem*,                       )
18 |                                               )
                        Defendant.               )
19 | _____     )

20 |

21 |                       **DECLARATION OF SERVICE**

22 |              **STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

23 |        I am employed in San Diego County, State of California.  I am over the age of eighteen (18)

24 | and not a party to this action; my business address is 1551 Shelter Island Drive, San Diego,

25 | California 92106.  On November 1, 2007, I served the following document(s) described as:

26 |        –    **Summons in a Civil Action**

27 |        –    **Civil Cover Sheet**

28 | ///

DECLARATION OF SERVICE                                    Page -1-
                                                          Case No.

1      –    **Verified Complaint For Vessel Arrest, Interlocutory Sale And for Money Damages**

2            **for Trespass By Vessel, Breach Of Contract For Necessaries, and Quantum**

3            **Meruit**

4      –    **Ex Parte Application for Order Authorizing Issuance of a Warrant for Arrest of**

5            **Defendant Vessel**

6      –    **Declaration of Philip E. Weiss In Support of Vessel Arrest**

7      –    **[Proposed] Order Authorizing Arrest of Defendant Vessel Pursuant to**

8            **Supplemental Admiralty Rule C**

9      –    **Application for Appointment of Substitute Custodian and for Authorization for**

10           **Movement of Defendant Vessel**

11     –    **Declaration of Richard Bartell In Support of Ex Parte Application for Order**

12           **Appointing Substitute Custodian**

13     –    **[Proposed] Order Appointing Substitute Custodian and Authorizing Movement of**

14           **Vessel**

15     –    **Warrant for Action In Rem**

16     –    **Notice of Unavailability of Plaintiff's Counsel**

17     on the interested parties in Case No. _____ by placing [_] the original

18     [X] a true copy thereof enclosed in a sealed envelope addressed as follows:

19          Mr. Kurt Hach

20          19918 Chase Street

21          Canoga Park, CA   91306

22     [_]    **(BY PERSONAL SERVICE)**:  Personal service accomplished by [_] attorney service or

23     [_] _____, employed by Weiss & Jones.

24     [_]    **(BY FACSIMILE AS INDICATED ABOVE)**:  I caused the foregoing document(s) to be

25     sent via facsimile transmission to the above addressee(s) at the facsimile numbers indicated above.

26     **[X]    (BY CERTIFIED U.S. MAIL AS INDICATED ABOVE)**:  As follows:  I am "readily

27     familiar" with the firm's practice of collection and processing correspondence for mailing.  Under

28     that practice it would be deposited with U.S. Postal Service on that same day with postage thereon

DECLARATION OF SERVICE                                                      Page -2-
                                                                            Case No.

1  fully prepaid at San Diego, California in the ordinary course of business.  I am aware that on motion

2  of the party served, service is presumed invalid if postal cancellation date or postage meter date is

3  more than one day after deposit for mailing in affidavit.

4  [ ]     **(STATE):**     I declare under penalty of perjury under the laws of the State of California that

5  the foregoing is true and correct.

6  **[X]     (FEDERAL):**  I declare that I am employed in the office of a member of the bar of this court

7  at whose direction the service was made.

8  Dated: November 1, 2007                    _Tamara Geehan_

9                                                          Tamara Geehan

10  c:\arrest-sdcal-clientsub\proofservice

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF SERVICE                                                    Page -3-
                                                                         Case No.

ORIGINAL

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

BARTELL HOTELS, A California Limited
Partnership, dba HALF MOON ANCHORAGE

**(b)** County of Residence of First Listed Plaintiff _San Diego_
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Philip E. Weiss, Esq., Weiss & Jones     (619) 225-8884
1551 Shelter Island Drive, San Diego, CA 92106

## DEFENDANTS

M/V CLAIRE IRENE, a 1988 Owens Motor Yacht
Of Approx. 40-Feet In Length, & 11-Feet In Beam Bearing CA
DMV Registration No.: CF 8647 ED, & ALL OF HER ENGINES,
TACKLE, & ACCESSORIES, etc., in rem,

County of Residence of First Listed Defendant     San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

'07 CV 2097 L     BLM

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☒ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): Commercial Instruments & Federal Maritime Lien Act, 46 U.S.C. sections 31301, et seq., Supplemental Admiralty Rules C and E
Brief description of cause: For vessel arrest, interlocutory sale and satisfaction of maritime liens.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $4,389.00 + pre- judg interest+$60/day slip fee from 9/21/07+costs   CHECK YES only if demanded in complaint:   JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions)   JUDGE _____   DOCKET NUMBER _____

DATE   October 30, 2007     SIGNATURE OF ATTORNEY OF RECORD   Philip E. Weiss

**FOR OFFICE USE ONLY**

RECEIPT # _14070_   AMOUNT _$350_   APPLYING IFP _no 11/1/07_   JUDGE _____   MAG. JUDGE _____

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 144070   — KD
* * C O P Y * *
November 01. 2007
14:20:58**

**Civ Fil Non-Pris**
USAO #.: 07CV2097
Judge..: M. JAMES LORENZ
Amount.:                    $350.00 CK
Check#.: BC 1078

**Total-> $350.00**

FROM: BARTELL HOTELS V IRENE, ET AL
        CIVIL FILING