ORIGINAL

FILED

2007 NOV -1 PM 2: 19

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

1  WEISS & JONES
   Philip E. Weiss, Esq.
2  1551 Shelter Island Drive
   San Diego, California 92106
3  Telephone: (619) 225-8884
   Facsimile: (619) 225-8801
4
   Attorneys for Plaintiff
5  Bartell Hotels, a California Limited Partnership,
   dba Half Moon Anchorage
6
7
8              UNITED STATES DISTRICT COURT
9              SOUTHERN DISTRICT OF CALIFORNIA
10
                                            '07CV 2097 L    BLM
11 BARTELL HOTELS, A California Limited    ) Case No.
   Partnership, dba HALF MOON ANCHORAGE,   )
12                                         ) IN ADMIRALTY
            Plaintiff,                     )
13                                         ) APPLICATION FOR
   v.                                      ) APPOINTMENT OF SUBSTITUTE
14                                         ) CUSTODIAN AND FOR
   M/Y CLAIRE IRENE, a 1968 Owens Motor    ) AUTHORIZATION FOR
15 Yacht of Approximately 40-Feet In Length And ) MOVEMENT OF DEFENDANT
   11-Feet In Beam, Bearing California D.M.V. ) VESSEL
16 Registration No. CF 8646 ED, AND ALL OF  )
   HER ENGINES, TACKLE, ACCESSORIES,       )
17 EQUIPMENT, FURNISHINGS AND              ) F.R.C.P. Supplemental Admiralty
   APPURTENANCES, *in rem*,                ) Rules C and E.
18                                         )
            Defendant.                     )
19 _____ )
20
21      BARTELL HOTELS, a California Limited Partnership, dba HALF MOON

22 ANCHORAGE ("PLAINTIFF"), by and through its attorneys, Weiss & Jones, L.L.P.

23 respectfully requests the Court issue an Order appointing PLAINTIFF as the Substitute

24 Custodian of the Defendant Vessel, M/Y CLAIRE IRENE, a 1968 Owens Motor Yacht of

25 Approximately 40-Feet In Length And 11-Feet In Beam, Bearing California D.M.V.

26 Registration No. CF 8646 ED and all of her engines, tackle, accessories, equipment,

27 furnishings and appurtenances, etc. and all other necessaries thereunto appertaining and

28 ///

belonging (hereinafter "DEFENDANT VESSEL"), and in support thereof represents as follows:

1. On or about October 31, 2007, the Verified Complaint herein was filed praying the DEFENDANT VESSEL be condemned and sold to pay PLAINTIFF's demands and for other proper relief.

2. It is anticipated that the Clerk of this Court will, pursuant to Order of this Court on PLAINTIFF's Application therefor, issue a Warrant for Arrest of the DEFENDANT VESSEL, commanding the United States Marshal for this District to arrest and take her into custody and to detain her in its custody until further Order of this Court respecting same.

3. It is therefore contemplated that the United States Marshal will arrest the DEFENDANT VESSEL forthwith. Custody by the United States Marshal requires the services of a custodian, and does not include charges for wharfage and the other services usually associated with safekeeping vessels similar to the DEFENDANT VESSEL.

4. DEFENDANT VESSEL is located currently at PLAINTIFF's marina, known as Half Moon Anchorage, located at 2131 Shelter Island Drive, San Diego, California. PLAINTIFF has agreed to assume the responsibility for safekeeping the said DEFENDANT VESSEL where she is currently located and to act as her custodian until further Order of this Court. PLAINTIFF avers it possesses adequate experience and background to maintain the DEFENDANT VESSEL safely in custody. It will provide, as necessary under the circumstances, the following services for the safekeeping of the DEFENDANT VESSEL, at a cost not to exceed those prevailing in the Port of San Diego, as described with further particularity in the Declaration of Richard Bartell:

   a. Assume custody of the vessel from the United States Marshal at the place of her arrest, and keep her at its Marina until further Order of the Court;

   b. As soon as possible after assuming custody of the vessel, photograph and/or video tape the interior and exterior, and prepare a written inventory of equipment and property aboard which is not installed as part of the vessel;

   c. Periodically inspect mooring lines/fenders to assure safe and secure mooring;

      d. Periodically as deemed prudent under the existing circumstances, but no less than weekly, inspect the vessel for watertight integrity, excessive bilge water and fuel, lubricant or other leaks. Where further action beyond those detailed herein is deemed necessary to preserve the vessel, PLAINTIFF shall advise counsel, so counsel can seek an appropriate order from the Court;

      e. Provide additional services such as cleaning, minor maintenance, inspection of bottom by a diver for the purpose of cleaning and reporting findings regarding underwater hull, metal and zinc conditions, as such services are deemed prudent;

      f. PLAINTIFF will operate only machinery described in a proper Court order;

      g. Provide other such services as may be required from time-to-time, by further order of the Court. All services will be invoiced at rates not exceeding those prevailing in the Port of San Diego, and shall be subject to approval by the Court.

      5. The substitute custodian will not sell the DEFENDANT VESSEL, release her to anyone and/or let anyone aboard her, other than in the case of emergency.

      6. PLAINTIFF, by the Declaration of Richard Bartell, avers that it has adequate facilities and supervision for the proper safekeeping of the DEFENDANT VESSEL and that it maintains insurance policies which protect it against occurrences of negligence during its custodianship. Those policies include, among others: (a) commercial liability with Fireman's Fund, with a per occurrence limit of $1,000,000.00 and (b) marine liability insurance with Gemini Insurance, with a per occurrence limit of $100,000.00. PLAINTIFF does not maintain hull, machinery or protection and indemnity insurance. Further, in said Declaration the Substitute Custodian accepts, in accordance with the terms of the Order Appointing Substitute Custodian and Authorizing Movement of the Vessel, possession of the DEFENDANT VESSEL, her engines, boilers, tackle, apparel, furnishings, appurtenances, etc., and all other necessaries thereunto appertaining and belonging, which is the subject of the action herein.

      7. PLAINTIFF, in consideration of the U.S. Marshal's consent to the substitution of custodian, agrees to release the United States and the Marshal from any and all liability

1. and responsibility arising out of the care and custody of the DEFENDANT VESSEL, her engines, boilers, tackle, apparel, furnishings, appurtenances, etc., and all other necessaries thereunto appertaining and belonging, from the time the Marshal transfers possession of the DEFENDANT VESSEL over to said Substitute Custodian, and said PLAINTIFF further agrees to hold harmless and indemnify the United States and the Marshal from any and all claims whatsoever arising out of the substitute custodian's possession and safekeeping.

**WHEREFORE,** PLAINTIFF respectfully requests that an Order issue:

1. Authorizing and directing the United States Marshal for the Southern District, upon his seizure of said DEFENDANT VESSEL, her engines, boilers, tackle, apparel, furnishings, appurtenances, *etc.*, and all other necessaries thereunto appertaining and belonging, pursuant to the Warrant for Arrest, to surrender the possession thereof to the Substitute Custodian named herein, and directing that upon such surrender the Marshal shall be discharged from his duties and responsibilities for the safekeeping of said vessel and held harmless from any and all claims whatever arising out of said substituted possession and safekeeping.

2. Providing that the Substitute Custodian named herein be appointed the custodian of said DEFENDANT VESSEL to retain the same in its custody for possession and safekeeping, with authority to move her within its marina, for the aforementioned compensation, at the rates prevailing in the Port and in accordance with the Declaration of Richard Bartell and the recitals herein contained, until further Order of this Court.

3. PLAINTIFF's attorney will serve by mail a copy of said Order to the last known address of DEFENDANT VESSEL's owner or apparent owner.

Dated: October 30, 2007        Respectfully submitted,

                               WEISS & JONES

                               By [signature]
                               Philip E. Weiss
                               Attorney for Plaintiff
                               Bartell Hotels,
                               a California Limited Partnership,
                               dba Half Moon Anchorage