# ORIGINAL

1  WEISS & JONES
   Philip E. Weiss, Esq.
2  1551 Shelter Island Drive
   San Diego, California 92106
3  Telephone: (619) 225-8884
   Facsimile: (619) 225-8801
4
   Attorneys for Plaintiff
5  Bartell Hotels, a California Limited Partnership,
   dba Half Moon Anchorage
6

7

8              **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10                                        '07 **CV** 2097 L      BLM

11  BARTELL HOTELS, A California Limited    )   Case No.
    Partnership, dba HALF MOON ANCHORAGE,   )
12                                          )   IN ADMIRALTY
              Plaintiff,                    )
13                                          )   DECLARATION OF PHILIP E.
    v.                                      )   WEISS IN SUPPORT OF VESSEL
14                                          )   ARREST
    M/Y CLAIRE IRENE, a 1968 Owens Motor    )
15  Yacht of Approximately 40-Feet In Length And )  F.R.C.P. Supplemental Admiralty
    11-Feet In Beam, Bearing California D.M.V.  )  Rules C and E.
16  Registration No. CF 8646 ED, AND ALL OF )
    HER ENGINES, TACKLE, ACCESSORIES,       )
17  EQUIPMENT, FURNISHINGS AND              )
    APPURTENANCES, *in rem*,                )
18                                          )
              Defendant.                    )
19  _____)

20

21      I, Philip E. Weiss, declare under penalty of perjury under the laws of the United States

22  and the State of California that the following is true and correct, except as to those matters

23  stated on information and belief, and as to those matters I believe them to be true.

24      1.    I am an attorney for Plaintiff BARTELL HOTELS, dba HALF MOON

25  ANCHORAGE (hereinafter "PLAINTIFF") in this action. I am in good standing and

26  licensed to practice before all State and Federal courts located in California, including the

27  United States District Court for the Southern District of California. The focus of my practice

28  is now, and has been for approximately 17 years, maritime law, a subject I have taught as an

1 Adjunct Professor for approximately the past eight years. I also serve by designation of the
2 California Bar Association Board of Legal Specialization on the Consulting Group for
3 Specialization of Admiralty and Maritime Law. I believe I have cause the vessel arrest of at
4 least three dozen vessels over the past five years, in both the Southern and Central Districts
5 of California. I have personal knowledge of the facts recited herein and if called and sworn
6 to testify, could and would competently so testify.

7      2.     This Declaration is submitted in support of PLAINTIFF's Application for
8 Order Authorizing Issuance of Warrant for Arrest, pursuant to Southern District Local Rules
9 for Admiralty and Maritime Claims, and in conformance with Rule C(3), Supplemental Rules
10 for Certain Admiralty and Maritime Claims, as amended April 29, 1985, which states:

11           "[T]he verified complaint and any supporting papers shall be
12           reviewed by the court and, if the conditions for an action in rem
13           appear to exist, an order so stating and authorizing a warrant for the
14           arrest of the vessel or other property that is the subject of the action
15           shall issue and be delivered to the clerk who shall prepare the
16           warrant . . . and [it] shall be delivered to the marshal for service."

17      3.     I was instructed to seek the arrest of the DEFENDANT VESSEL, and
18 subsequent satisfaction of PLAINTIFF's its maritime liens, based both on the trespass of the
19 DEFENDANT VESSEL and on her failure and refusal to pay for wharfage services provided
20 for her benefit. The DEFENDANT VESSEL remains as a trespasser in a slip at
21 PLAINTIFF's marina without without contractual or any other legal authority.

22      4.     On August 17, 2007 I caused to be dispatched via Certified U.S. Mail a letter to
23 Mr. Hach, who is believed to be the owner of the DEFENDANT VESSEL. A true and
24 correct copy is hereto attached as Exhibit A. In this letter I notified Mr. Hach of the
25 termination of the wharfage contract for the DEFENDANT VESSEL, effective 34 days
26 following the date of my letter – September 20, 2007. In this letter I also explained the legal
27 fiction indulged in admiralty that a vessel is a (juridical) person, and hence that if the
28 DEFENDANT VESSEL was not removed by the specified date she would become a

1  trespasser, and could be held accountable by way of a vessel arrest and subsequent

2  interlocutory vessel sale. I also reminded Mr. Hach in this letter that any allegations he might

3  advance concerning claimed damage to his vessel and financial and other misconduct by a

4  marina manager employed by a former owner are not properly addressed by PLAINTIFF, the

5  current owner of the Marina.

6       5.     On the date specified for termination of the wharfage contract (August 20,

7  2007) I contacted Mr. Hach, the owner of the DEFENDANT VESSEL, to inquire as to why

8  she had not been removed from the Marina and in order to ascertain his intentions vis-a-vis

9  removing her from the Marina. Mr. Hach did not agree to remove the DEFENDANT

10  VESSEL. To the contrary, he insisted that if PLAINTIFF did not pay him $50,000 to

11  $70,000, he would sue PLAINTIFF for $1.2 million. He also indicated that he believed that

12  he would be unable to obtain another slip for his vessel, even if improved, "because

13  Homeland Security will not permit him to move." He seemed to believe that, somehow,

14  PLAINTIFF is responsible for damage Mr. Hach claims his vessel sustained literally years

15  before PLAINTIFF even owned HALF MOON ANCHORAGE, purportedly as the result of

16  misconduct of the marina manager then employed by the former owner of the Marina. Mr.

17  Hach made it clear he was not inclined to sign a new wharfage contract (as is required of all

18  marina tenants) and that he will not move his vessel unless PLAINTIFF paid him tens of

19  thousand of dollars – apparently for damages he believes his vessel sustained long before

20  PLAINTIFF even owned the Marina.

21       6.     The DEFENDANT VESSEL remains at PLAINTIFF's Marina, without its

22  permission or legal authority of any kind.

23       7.     There are no exigent circumstances which would justify execution of an Vessel

24  Arrest Warrant by the Clerk of this Honorable Court under Supplemental Admiralty Rule

25  C(3)(B).

26       8.     In this action PLAINTIFF has applied to be appointed as the Substitute

27  Custodian during the pendency of the action. I am aware of no restriction, either statutorily,

28  in case law or pursuant to the Supplemental Admiralty Rules that prohibits or discourages the

1  appointment of a party to serve as the Substitute Custodian, assuming of course that has the

2  experience, insurance and capability to do so. I have served as counsel for plaintiffs in at

3  least 20 vessel arrest cases (both in the Southern and Central Districts of California) in the

4  past six years during which the plaintiff was appointed as the substitute custodian. This

5  serves the purpose of minimizing *custodia legis* expenses, and hence the purpose of

6  preserving the value of the *res*.

7       9.    If called to testify as to the foregoing matters, I could and would competently

8  so testify.

9       Executed on October 30, 2007 at San Diego, California.

12                Philip E. Weiss

Weiss Jones
c o u n s e l o r s - a t - L a w

August 17, 2007

7007 0220 0003 4356 2412

Via Certified U.S. Mail
And First Class U.S. Mail

Mr. Kurt Hach
19918 Chase Street
Canoga Park, California 91306

Re:  Half Moon Anchorage v. M/Y CLAIRE IRENE
     Termination of Wharfage Contract, Failure to Return Written Contract, Etc.

Dear Mr. Hach:

I represent Half Moon Anchorage in connection with the referenced matter. I have inspected the exterior of your vessel and personally confirmed she is apparently in quite poor and possibly unseaworthy and unsafe condition.  She is an old vessel largely of wooden construction and she unfortunately exhibits evidence of serious dry rot, among other problems. I understand that on one prior occasion your vessel took on so much water the marina staff was forced to intervene and dewater the boat, to save her from sinking.

In addition, several weeks ago copies of Contracts for Private Wharfage were mailed to boat owners who did not have written contracts in place.  Unfortunately, you have failed to sign this contract and return it, as was requested.  Having a written contract in place is now absolutely required.  Moreover, every marina in San Diego requires that boat owners maintain insurance, and our files are devoid of evidence your vessel is in fact insured.

As no written contract is in place, the contract is as implied and may statutorily be terminated by either party upon 30 days' advance written notice to the other.  I understand that, at least recently, you have had a good payment history and my client appreciates this.  However, I trust you understand that in the light of the foregoing facts, **I am compelled to notify you of the termination of your implied wharfage contract, effective 34 days from the date of this letter – on September 20, 2007.**  Please note I have allowed four days more than required by statute, to account for the typical mail delay in your receiving this letter.

Of course, if you rehabilitate your vessel you will be free to apply for a slip, but in such event you will be required, like all boat owners, to execute a written Contract for Private Wharfage, assuming the application is approved.  I trust you understand and appreciate why my client has become obliged to terminate your contract.  Please also understand that this is a matter of utmost urgency and importance to my client, and that it is absolutely *imperative that you remove your vessel no later than the above specified date*.  You should also understand that pursuant to well established admiralty law, a vessel that occupies a slip without contractual or other legal authority does so in the capacity of a trespasser.

Maritime law indulges the legal fiction that a vessel is a person, and accordingly where a vessel fails to pay a debt or commits a tort (such as a trespass) a maritime lien arises against the offending vessel, and she may be held accountable for such liens, in addition to the liability of the

Philip E. Weiss ▼ *San Diego County Office*
1551 Shelter Island Drive ▼ San Diego, California 92106
619.225.8884 ▼ Fax 619.225.8801
e-mail: pweiss@weissjones.com

George M. Jones ▼ *Los Angeles County Office*
429 Shoreline Village Drive, Suite N ▼ Long Beach, California 90802
562.435.9501 ▼ Fax 562.435.9581
e-mail: gjones@weissjones.com

EXHIBIT *A*

vessel owner. Vessels are held accountable by way of a vessel arrest by the U.S. Marshal, pursuant to an Order of the U.S. District Court. In meritorious vessel arrest cases the arresting party is entitled to recover on its lien, plus all of the typically substantial costs associated with the vessel arrest. This is horn book law for experienced maritime lawyers. I mention this remedy only for purposes of education, as we hope and expect that you will vacate your vessel by the above specified date.

I am aware of unsupported and unsupportable claims you made when the marina was under former ownership. Such claims have, in any event, no bearing whatever on my client's rights, as above explained. I cannot forcefully enough stress the importance that you remove your vessel by the above stated date. If you have any questions or comments, please do not hesitate to call me. I would ask that now that this matter has been referred to me for handling, you refrain from contacting my client's Marina Manager or other of its employees concerning this matter.

Your vessel has classic lines that many appreciate. I hope you are able to restore her to presentable and seaworthy condition, and that you enjoy her at what ever marina, mooring or other location you move her to. With thanks in advance for your anticipated attention to this most important matter, I remain

Sincerely,

Philip E. Weiss

cc:    Client

**EXHIBIT A**