UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARTELL HOTELS dba HALF MOON ANCHORAGE,<br><br>        Plaintiff,<br><br>v.<br><br>M/Y CLAIRE IRENE and all of her Engines, Tackle, Accessories, Equipment, Furnishings and Appurtenances, *in rem*,<br><br>        Defendants. | Civil No. 07cv2097-L(BLM)<br><br>**ORDER (1) DISMISSING COMPLAINT WITH LEAVE TO AMEND AND (2) DENYING AS MOOT APPLICATIONS FOR VESSEL ARREST WARRANT AND APPOINTMENT OF SUBSTITUTE CUSTODIAN** |

    Plaintiff filed a Verified Complaint for Vessel Arrest, Interlocutory Sale and for Money Damages for Trespass by Vessel, Breach of Contract for Necessaries, and *Quantum Meruit*. According to the complaint, in January 2007, Plaintiff purchased Half Moon Anchorage ("Marina") from a previous owner. Defendant vessel had been leasing a slip and had already been anchored at the Marina at that time, allegedly pursuant to a written wharfage contract with the previous owner. (Compl. ¶ 6.) Plaintiff maintains it terminated that contract on August 20, 2007 and requested all its lessees to execute a new one. Defendant allegedly refused to execute a new contract and is in arrears. Claims under maritime contracts for wharfage can give rise to maritime liens. *See* 1 Thomas J. Schoenbaum, *Admiralty and Maritime Law* § 9-1 (4th Ed.); 46 U.S.C. § 31342(a).

    Plaintiff filed an application to seize Defendant, become its substitute custodian and move it within the Marina. Plaintiff acknowledges there are no exigent circumstances to justify

execution of the vessel arrest warrant without court review pursuant to Rule C(3)(ii), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. (Weiss Decl. ¶ 7.)

"[T]he need for a quick judicial response [is] usually considerable" in admiralty proceedings. 12 Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 3222 (2d ed. 1987). This is because "[t]he action in rem is needed to give effect to maritime liens, and those substantive rights might be eroded if the court's power to act quickly were obstructed by procedural requirements." *Id.* On the other hand, in rem actions requiring a vessel arrest as the means of obtaining jurisdiction over the vessel are considered drastic prejudgment remedies. *Id.* § 3242. The supplemental admiralty rules seek to balance the need for quick judicial action with the procedural-due-process protections against abuse of these remedies. *Id.*

Accordingly, the supplemental rules require judicial scrutiny before issuance of a warrant of vessel arrest. Supp. R. C(3)(a)(I); *see also* 12 Wright, *supra*, § 3222. "Rule C requires that a judicial officer examine the complaint and supporting papers and order issuance of a warrant only if justified by . . . 'a prima facie showing that the plaintiff has an action in rem against the defendant in the amount sued for and that the property is within the district.'" 12 Wright, *supra*, § 3222, *quoting* Advisory Comm. Note, 1985 Am. The purpose of this requirement is "to eliminate any doubt as to the rule's constitutionality." Supp. Fed. R. Civ. P. C, Advisory Comm. Note, 1985 Am.

In addition, to commence an *in rem* action to enforce a maritime lien, the complaint must be verified and must comply with heightened pleading requirements. Supp. Fed. R. Civ. P. C(2) & E(2)(a). Supplemental Rule E(2)(a) requires "the complaint . . . state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." "It thus requires a more particularized complaint than is demanded in civil actions generally, or even in admiralty actions in which the special remedies provided for in Supplemental Rule [C] are not sought." 12 Wright, *supra*, § 3242. The requirement for added specifics is thought appropriate because of the drastic nature of those remedies, and to fortify the

procedural-due-process protections against improper use of these remedies. *Id.* Plaintiffs often strive to comply with this requirement by attaching to the verified complaint the pertinent documents, such as the maritime contracts claimed to give rise to the lien.

No wharfage contract is attached to the verified complaint in this action. The existence and the terms of a wharfage contract between Defendant and the prior Marina owner is stated in the complaint solely on information and belief. (Compl. ¶¶ 6-7.) It is therefore impossible to determine whether Plaintiff was able to unilaterally terminate that contract so as to provide basis for trespass or breach of maritime contract.[1]

For the foregoing reasons, the complaint is **DISMISSED WITH LEAVE TO AMEND**. Any amended complaint must be filed no later than 30 days after this order is stamped "Filed ." Plaintiff's Ex Parte Application for Order Authorizing Issuance of a Warrant for Arrest of Defendant Vessel and its Application for Appointment of Substitute Custodian and for Authorization for Movement of Defendant Vessel are **DENIED WITHOUT PREJUDICE** as moot.

**IT IS SO ORDERED.**

DATED: November 15, 2007

M. James Lorenz
United States District Court Judge

COPY TO:

HON. BARBARA L. MAJOR
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

---

[1] The court also notes that the verified complaint contains certain omissions and errors which render it ambiguous. (*See* Compl. at 2:7-14 & 2:28.)