WEISS & JONES
Philip E. Weiss, Esq.
1551 Shelter Island Drive
San Diego, California 92106
Telephone: (619) 225-8884
Facsimile: (619) 225-8801

Attorneys for Plaintiff
Bartell Hotels, a California Limited Partnership,
dba Half Moon Anchorage

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARTELL HOTELS, A California Limited Partnership, dba HALF MOON ANCHORAGE, <br><br> Plaintiff, <br><br> v. <br><br> M/Y CLAIRE IRENE, a 1968 Owens Motor Yacht of Approximately 40-Feet In Length And 11-Feet In Beam, Bearing California D.M.V. Registration No. CF 8646 ED, AND ALL OF HER ENGINES, TACKLE, ACCESSORIES, EQUIPMENT, FURNISHINGS AND APPURTENANCES, *in rem*, <br><br> Defendant. | Case No. 07cv2097-L(BLM) <br><br> IN ADMIRALTY <br><br> SECOND DECLARATION OF RICHARD BARTELL IN SUPPORT OF EX PARTE APPLICATION FOR ORDER APPOINTING SUBSTITUTE CUSTODIAN <br><br> F.R.C.P. Supplemental Admiralty Rules C and E. |

1.      I am a General Partner of the Plaintiff herein, BARTELL HOTELS, a California Limited Partnership, dba HALF MOON ANCHORAGE ("PLAINTIFF"), located at 2131 Shelter Island Drive, San Diego, California.  I make this Declaration on its behalf. Since 1975 I have been, and am now, a member in good standing of the California Bar. Except as to matters stated on information and belief, and as to such matters I believe them to be true, the matters set forth herein are of my own personal knowledge.  If called to testify as to these matters I could and would competently testify thereto.

///

1       2.   PLAINTIFF maintains, as part of its resort property on Shelter Island (San

2   Diego) a 180 slip marina, at which the DEFENDANT VESSEL has been berthed for several

3   years (the "Marina"). PLAINTIFF's Marina Manager/Dockmaster, Mr. Brad Oliver is well

4   familiar with the DEFENDANT VESSEL. I am informed and believe Mr. Oliver has

5   extensive experience in the maritime arena, including experience in the maintenance,

6   operation, troubleshooting and ordinary repairs to vessels ranging from large cruising

7   sailboats to smaller racing vessels. He served as the Dock Master and before that Security

8   Officer for nearly two decades at San Diego Yacht Club, before assuming his duties for

9   PLAINTIFF. During this time he has had, I understand, occasion to dewater at least 100

10  occasions and has assisted in the containment of spills from vessels. PLAINTIFF is well

11  familiar with the DEFENDANT VESSEL, and I believe it is fully qualified to preserve and

12  protect her and safely keep her in the place and stead of the United States Marshal, until

13  further Order of the Court.

14      3.   In its capacity as Substitute Custodian, PLAINTIFF will perform the following

15  services for the Defendant vessel during her custodianship:

16      a. Assume custody of the vessel from the United States Marshal at the place of her

17  arrest, and keep her at its Marina until further Order of the Court;

18      b. As soon as possible after assuming custody of the vessel, photograph and/or

19  video tape the interior and exterior, and prepare a written inventory of equipment and

20  property aboard which is not installed as part of the vessel;

21      c. Periodically inspect mooring lines/fenders to assure safe and secure mooring;

22      d. Periodically as deemed prudent under the existing circumstances, but no less

23  than weekly, inspect the vessel for watertight integrity, excessive bilge water and fuel,

24  lubricant or other leaks. Where further action beyond those detailed herein is deemed

25  necessary to preserve the vessel, PLAINTIFF shall advise counsel, so counsel can seek an

26  appropriate order from the Court;

27  ///

28  ///

1         e.  Provide additional services such as cleaning, minor maintenance, inspection of

2    bottom by a diver for the purpose of cleaning and reporting findings regarding underwater

3    hull, metal and zinc conditions, as such services are deemed prudent;

4         f.  PLAINTIFF will operate only machinery described in a proper Court order;

5         g.  Provide other such services as may be required from time-to-time, by further

6    order of the Court.  All services will be invoiced at rates not exceeding those prevailing in the

7    Port of San Diego, and shall be subject to approval by the Court.

8        4.    PLAINTIFF's responsibility shall not extend to inherent or latent defects or

9    deficiencies in the hull, machinery or equipment, nor to any fines, penalties or costs related to

10   the above.

11       5.    PLAINTIFF maintains several insurance policies which protect it against

12   negligence during its custodianship. Those policies include, among others:  (a) commercial

13   liability with Clarendon America Ins., with a per occurrence limit of $1,000,000.00 and an

14   aggregate limit of $2,000,000.00; and (b) marine liability with Clarendon America Insurance,

15   with a per occurrence limit of $1,000,000.00.

16       6.    The United States Marshal is unable to perform the above-described services at

17   a comparable price.

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1    7.    PLAINTIFF agrees to accept substitute custodianship of the DEFENDANT

2  VESSEL, her engines, tackle, apparel and furniture, in accordance with the Court's Order

3  Appointing Substitute Custodian.

4    I declare under penalty of perjury, under the laws of the United States of America,

5  that the foregoing is true and correct.

6    Executed on January 10, 2008 at San Diego, California.

7

8

9    Richard Bartell, Esq.
     General Partner, Bartell Hotels

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28