```
1  WEISS & JONES, LLP
   Philip E. Weiss (No. 152523)
2  1551 Shelter Island Drive
   San Diego, California 92106
3  Telephone: (619) 225-8884
   Facsimile: (619) 225-8801
4  E-Mail: shiplaw@earthlink.net

5  Attorneys for Plaintiff
   Bartell Hotels, a California Limited Partnership,
6  dba Half Moon Anchorage
```

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARTELL HOTELS, A California Limited Partnership, dba HALF MOON ANCHORAGE, <br><br>Plaintiff, <br><br>v. <br><br>M/Y CLAIRE IRENE, a 1968 Owens Motor Yacht of Approximately 40-Feet In Length And 11-Feet In Beam, Bearing California D.M.V. Registration No. CF 8646 ED, AND ALL OF HER ENGINES, TACKLE, ACCESSORIES, EQUIPMENT, FURNISHINGS AND APPURTENANCES, *in rem*, <br><br>Defendant. | Civil No. 07 CV 2097 L (BLM) <br><br>IN ADMIRALTY <br><br>DECLARATION OF BRAD OLIVER IN SUPPORT MOTION FOR JUDGMENT BY COURT <br><br>F.R.C.P. Supplemental Admiralty Rule E(9) <br><br>SUBMITTED ON PAPERS (Oral Arguments Not Requested) <br><br>Date:  June 16, 2008 <br>Time:  10:30 a.m. <br>Judge: Hon. M. James Lorenz |

I, Brad Oliver, declare under penalty of perjury under the laws of the United States and the State of California as follows.

    1.    I am the Marina Manager of Half Moon Anchorage Marina, which is owned by the PLAINTIFF in this action. I respectfully submit this Declaration in support of PLAINTIFF's Motion for Judgment By Court. The matters stated herein are of my own personal knowledge, except as to matters stated on information and belief, and, as to such matters, I believe them to be true.

    2.    PLAINTIFF purchased the former owner's interest in Half Moon Anchorage (hereinafter the "Marina") in January, 2007. Marina records I reviewed indicate that at that

time, the DEFENDANT VESSEL had already been at the marina for years, apparently since at least 2001.

3. Based on my review of an accounting history relating to the DEFENDANT VESSEL, I believes that since March, 2001, the account for the DEFENDANT VESSEL has been arrears on at least 15 occasions, and that on at least two occasions her owner tendered checks that were returned for want of sufficient funds.

4. After it purchased the Marina, in order to control risk and liability and for other business reasons, PLAINTIFF carefully reviewed the existing circumstances and procedures at the Marina and decided to make certain improvements and changes. This included examining the vessels at the Marina in order to generally evaluate their condition, verifying that all vessels located at the Marina were insured, and preparing a new wharfage contract for review and execution by vessel owners. It appeared, upon my examination, that the DEFENDANT VESSEL was (as she still is) in demonstrably poor, unseaworthy condition, exhibiting evidence of dry rot, years of growth on her bottom, blistering and peeling paint, with debris scattered aboard. In fact, during the pendency of this action it became necessary for PLAINTIFF to request an Order from this Honorable Court permitting it, in its capacity as Substitute Custodian, to arrange for the dewatering of the DEFENDANT VESSEL and disposal of contaminated water. The requested Order issued and the vessel was dewatered.

5. As part of our efforts to control risk, PLAINTIFF (by way of letter from me) requested that all vessel owners for whom we did not have current evidence of vessel insurance, provide such evidence. We also requested that vessel owners review and execute a new wharfage contract. Although a few boat owners failed to provide the requested proof of insurance or declined to execute the new wharfage contract and hence moved their vessels to other locations, the vast majority of boat owners complied with these requests, did not exercise their right to terminate their wharfage contracts, and they remain today at the Marina as tenants in good standing. We also sent a letter to all vessel owners, including Mr. Hach (owner of the DEFENDANT VESSEL), notifying them they were free to pick up a new

///

Marina gate access card at the Marina Office. Mr. Hach never retrieved a new gate access card at the Marina Office. Mr. Hach also never provided the requested proof of insurance.

6. In view of Mr. Hach's failure and refusal to pay wharfage arrearages, to provide proof of required insurance, and to execute a new wharfage contract, our attorney mailed a letter to Mr. Hach terminating the Wharfage Contract, effective September 21, 2008 (a copy of counsel's letter is attached as Exh. B to the Decl. of Philip E. Weiss filed concurrently herewith). On the date of termination of the Wharfage Contract (September 21, 2008), the account for the DEFENDANT VESSEL stood in arrears in the amount $1,929.60. Attached hereto as Exhibit A is a true and correct copy of PLAINTIFF's Statement reflecting this sum was due at the time the Wharfage Contract was terminated.

7. After this termination date PLAINTIFF began charging, consistent with its usual and customary practices, to charge "transient vessels" (i.e., those without an existing Wharfage Contract staying for a short period and interloping vessels) wharfage fees calculated at the rate of $1.50 per foot of vessel length per day, or $60.00 per day for the DEFENDANT VESSEL (i.e., 40 feet X $1.50 = $60). Based on years of experience as a Marina Manager, both in my current position and with San Diego Yacht Club, I believe it is a uniform practice in San Diego's marina industry to charge a transient rate calculated in the above manner, although I am informed and believe that at least some other marinas charge a rate higher than $1.50 per foot per day. The DEFENDANT VESSEL was charged transient wharfage fees for a period of 47 days (between September 21, 2007 when the Wharfage Contract terminated and November 7, 2007, when the U.S. Marshal seized her pursuant to

///
///
///
///
///
///
///

1  Order of this Honorable Court) at the above detailed rate of $60.00 per day, resulting in
2  transient fee arrearages at the time of the vessel arrest in the sum of $2,820.00 (*i.e.*, 47 days X
3  $60/day). Attached hereto as Exhibit B is a true and correct copy of PLAINTIFF's Statement
4  reflecting transient fee arrearages for the DEFENDANT VESSEL in the amount of $2,820.00.
5      If called to testify as to the foregoing matters, I could and would competently thereto
6  testify.
7      Executed this 16 day of May, 2008 at San Diego, California

*/s/ Brad Oliver*

Brad Oliver

## Table of Contents / Exhibits

| Exhibit | Description | Page |
|---------|-------------|------|
| A | Accounting Statement | A1 |
| B | Accounting Statement | B1 |



# STATEMENT

Date: May 14, 2008
STATEMENT # 08-003

Comments
REFERENCE: Kurt Hach, MV "Claire Irene", DMV CF 8646 ED, Slip A 35

This account became un-collectable and was removed from our accounting system. At the date of termination of the wharfage contract, the below amount was owed to the marina for berth fees.

| Date | Description | Balance | Amount |
|---|---|---|---|
| 5-14-2008 | Terminated tenant, amount owed for berth fees thru Sept. 21, 2007 | | $1929.60 |

| Current | 1-30 Days Past Due | 31-60 Days Past Due | 61-90 Days Past Due | Over 90 Days Past Due | Amount Due |
|---|---|---|---|---|---|
| | | | | | $1929.60 |

Remittance

| Statement # | 08-003 |
|---|---|
| Date | |
| Amount Due | $1929.60 |
| Amount Enclosed | |

Make all checks payable to **Half Moon Anchorage**, Attn. Brad Oliver, Marina Manager

*Thank you for your business!*

Half Moon Anchorage, 2303 Shelter Island Drive, San Diego, CA 92106 Phone 619-224-3401

Page A1

EXHIBIT __A__



# STATEMENT

Date: May 14, 2008
STATEMENT # 08-004

Comments
REFERENCE: Kurt Hach, MV "Claire Irene", DMV CF 8646 ED, Slip A 35

This account became un-collectable and was removed from our accounting system. Fees owed below are transient berth fees for the dates listed.

| Date | Description | Balance | Amount |
|---|---|---|---|
| 5-14-2008 | Terminated tenant, amount owed for transient berth fees from Sept. 21, 2007 thru Nov. 7, 2007 (40' x $1.50/ft x 47 days) | | $2820.00 |

| Current | 1-30 Days Past Due | 31-60 Days Past Due | 61-90 Days Past Due | Over 90 Days Past Due | Amount Due |
|---|---|---|---|---|---|
| | | | | | $2820.00 |

Remittance

| Statement # | 08-004 |
|---|---|
| Date | |
| Amount Due | $2820.00 |
| Amount Enclosed | |

Make all checks payable to **Half Moon Anchorage**, Attn. Brad Oliver, Marina Manager
*Thank you for your business!*

Half Moon Anchorage, 2303 Shelter Island Drive, San Diego, CA 92106  Phone 619-224-3401

Page B1

EXHIBIT **B**